UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

    v.

ABSOLUT FACILITIES MANAGEMENT, LLC,
*doing business as* Absolut Care LLC, ET AL.,

                Defendants.

**DECISION AND ORDER**

1:18-CV-01020 EAW

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "EEOC")

commenced this action on September 17, 2018, by filing a complaint pursuant to Title I of

the Americans with Disabilities Act of 1990, as amended ("ADA"), Title VII of the Civil

Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978

("PDA"), and Title I of the Civil Rights Act of 1991, against the defendant employers

("Defendants") for failing to accommodate Lisa Valentin ("Valentin" or the "Charging

Party") and other similarly aggrieved and qualified individuals with disabilities, and

instead, terminating their employment on the basis of pregnancy or disability. (Dkt. 1).

Presently before the Court is the parties' joint motion to enter a consent decree.

(Dkt. 2). For the reasons set forth below, the Court finds that the proposed Consent Decree

is acceptable.

## BACKGROUND

According to the complaint, Defendants employed Valentin as a food service

supervisor. (Dkt. 1 at ¶ 33). Upon the onset of several pregnancy-related complications, Valentin requested a medical leave of absence. (*Id.* at ¶¶ 34-35). Defendants found Valentin ineligible for a leave of absence under the Family Medical Leave Act ("FMLA"), and instead, allowed her to take a 30-day medical leave of absence. (*Id.* at ¶ 36). After that 30-day period expired, Defendants terminated Valentin's employment, but they further advised her that she could return to work within 30 days of her termination if she could do so without any medical restrictions. (*See id.* at ¶¶ 37-40). Although Valentin was released to work before 30 days had elapsed since her termination, she remained encumbered by a 20-pound lifting restriction. (*Id.* at ¶ 41). Defendants subsequently filled Valentin's position of employment. (*Id.* at ¶ 42).

Plaintiff also claims that Defendants have similarly discriminated against other qualified individuals with disabilities. First, the EEOC alleges that an anonymous Certified Nursing Assistant ("CNA") employed by Defendants also requested accommodations after experiencing pregnancy-related complications. (*Id.* at ¶¶ 43-45). The CNA could perform all essential functions of her position with a 20-pound lifting restriction, but Defendants denied her request for an accommodation. (*Id.* at ¶¶ 45-47). Since the CNA was still "within her probationary period" of employment, Defendants denied her additional request for a medical leave of absence and then terminated her position. (*Id.* ¶¶ 48-51).

Second, Plaintiff alleges that an unnamed Licensed Practical Nurse ("LPN") requested that Defendants accommodate her 15-pound lifting restriction after she "underwent emergency gallbladder surgery," which would have allowed her to complete all essential functions of her position. (*Id.* at ¶¶ 52-55). However, Defendants allegedly

denied this accommodation as well. (*Id.* at ¶ 56). Defendants granted the LPN a 30-day leave of absence, but her position was terminated when she was unable to return to work without any continuing medical restrictions within that 30-day period. (*Id.* at ¶¶ 57-59). About two weeks after her termination, she was released back to work without any medical restrictions. (*Id.* at ¶ 60). Although Defendants rehired the LPN, they treated her as a "new hire" and did not acknowledge her past "seniority or accrued benefits." (*Id.* at ¶ 61). When the LPN injured her back in an automobile accident several months later, Defendants again informed her that she could not return to work unless her medical restrictions were lifted. (*Id.* at ¶¶ 62-63). When the LPN's restrictions were lifted and she returned to work, Defendants terminated her from her position the following day. (*Id.* at ¶ 64).

As a third and final individual example of Defendants' alleged discriminatory conduct, the EEOC claims that when an unidentified Case Manager was diagnosed with plantar fasciitis, she requested that Defendants accommodate her with a "controlled ankle motion ('CAM') boot," which would have permitted her to perform all essential functions of her job. (*Id.* at ¶¶ 65-68). When Defendants denied her request, the Case Manager took 12 weeks of medical leave under the FMLA. (*Id.* at ¶¶ 69-70). Because the Case Manager was unable to return to work without any medical restrictions at the conclusion of her medical leave, Defendants terminated her position of employment as well. (*Id.* at ¶¶ 71-72).

Lastly, the EEOC alleges that Defendants also require all new employees to complete a "Post-Offer Health Assessment Review" ("POHA") as well as a medical examination on their first day of work. (*Id.* at ¶ 73). The POHA requires "employees [to]

- 3 -

disclose virtually their entire medical history," including past and present "tobacco and alcohol [use] and all prescription and non-prescription medications," and to identify whether they "have now, have had in the past, or have never had" any one of 50 listed medical conditions. (*Id.* at ¶¶ 74-75 (quotation marks omitted) (emphases omitted)). The employee is also required to disclose any occupational injuries and past or present non-occupational illnesses or injuries, including the nature and date of the injury, the treatment provided, and any work-time lost as a result. (*Id.* at ¶ 76). Employees further authorize the release of their medical records and agree to provide blood and urine samples when requested. (*Id.* at ¶ 77). The EEOC also alleges that Defendants require their employees to complete an Annual Assessment of Physical Status ("AAPS") and to undergo a medical examination every year. (*Id.* at ¶ 78). The AAPS assesses the employee's blood pressure and requests disclosure of their prescription and non-prescription medications as well as whether the employee was "treated for" or had any "indication of" one of a number of "various medical conditions" over the past year. (*Id.* at ¶ 79).

## **PROCEDURAL HISTORY**

Valentin filed a charge of discrimination with the EEOC against Defendants for violations of the ADA and Title VII more than 30 days prior to the commencement of this action. (*Id.* at ¶ 23). On April 28, 2017, the EEOC found reasonable cause to believe that Defendants violated the ADA and Title VII and invited Defendants to engage in conciliation, which was unsuccessful. (*See id.* at ¶¶ 24-27). The instant lawsuit followed, and on September 24, 2018, the parties jointly moved to enter a consent decree. (Dkt. 2).

## DISCUSSION

"Before entering a consent judgment, the district court must be certain that the decree 1) 'spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction,' 2) 'come[s] within the general scope of the case made by the pleadings,' and 3) 'further[s] the objectives of the law upon which the complaint was based.'" *Kozlowski v. Coughlin*, 871 F.2d 241, 244 (2d Cir. 1989) (alteration in original) (quoting *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 525 (1986)). As discussed below, all three of those prongs are satisfied in this case.

This Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331 (providing for federal question jurisdiction), 1343 (providing for "original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States"), and 1345 (providing for "original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress"). Therefore, the first prong is satisfied. *See Kozlowski*, 871 F.2d at 244.

The proposed Consent Decree falls within the scope of the pleadings. The complaint alleges that Defendants violated the ADA and Title VII by discriminating against Valentin and other similarly aggrieved and qualified individuals with disabilities, when Defendants failed to provide reasonable accommodations for their employees'

- 5 -

pregnancy-related conditions and other disabilities and terminated them on the basis of pregnancy or disability. (Dkt. 1 at 2-3). Plaintiff sought, *inter alia*, a permanent injunction enjoining Defendants from engaging in disability and pregnancy discrimination, an order requiring Defendants to carry out policies and programs that provide equal employment opportunities for qualified individuals with disabilities and pregnant workers, and an order requiring Defendants to provide Valentin, the CNA, the LPN, the Case Manager, and "other individuals aggrieved by Defendants' unlawful employment practices" with back pay as well as compensatory and punitive damages. (*Id.* at 23-24).

Under the proposed Consent Decree, Defendants, as well as their managers, officers, and agents, are "enjoined from engaging in any employment practice that discriminates on the basis of disability in the following manner:" (1) Terminating an employee who exhausts approved medical leave "without considering leave or additional leave as a reasonable accommodation"; (2) Prohibiting employees from returning to work unless they are unencumbered by medical restrictions; (3) Denying reasonable accommodations to qualified disabled individuals while they remain "within their probationary period of employment"; (4) Denying a reasonable accommodation for disabilities that Defendants consider to be "temporary" in nature; and (5) "Subjecting employees to impermissible disability-related inquiries or medical examinations." (Dkt. 2-1 at 7-8). Defendants, as well as their managers, officers, and agents, are also "enjoined from engaging in any employment practice that discriminates on the basis of sex, including, without limitation:" (1) Terminating any employee based upon a condition or status of pregnancy; and (2) Failing to accommodate a woman "affected by pregnancy, childbirth, or related medical

conditions while providing accommodations to non-pregnant workers similar in their ability or inability to work." (*Id.* at 8). Finally, Defendants, as well as their managers, officers, and agents, are further enjoined from taking any retaliatory action against any person who "has opposed any practice prohibited by Title VII or the ADA, filed a charge of discrimination under Title VII or the ADA, assisted the [EEOC] in any manner in any investigation, proceeding, or hearing under Title VII or the ADA, or sought or received relief in this action." (*Id.*).

The proposed Consent Decree also requires Defendants to revise their policies and practices relating to leave, discipline, and attendance, the AAPS procedures, and any "Emergency Contact Form" involved in "disability-related inquiries" that does not comply with the ADA. (*Id.* at 8-9). Furthermore, Defendants agree to provide personnel training regarding Defendants' obligations under Title VII and the ADA, including an overview of their revised procedures for compliance with those obligations, and an additional program for non-supervisory employees relating to their own rights and duties under these statutes. (*Id.* at 9-10).

In addition, Defendants are required to post a "Notice of Lawsuit and Resolution," "for the duration of the Decree," "in all places where employee notices are posted." (*Id.* at 11; *see id.* at 18 (Exhibit A)). The EEOC is also authorized to monitor Defendants' compliance with the proposed Consent Decree, and Defendants agree to submit various reports demonstrating such compliance. (*Id.* at 11-12). Defendants also agree to pay Valentin $40,000 in back pay, and to set aside $425,000 for a settlement fund that will be distributed in the manner prescribed by the proposed Consent Decree. (*Id.* at 12-15). The

proposed Consent Decree therefore falls within the ambit of the pleadings, and the second prong is satisfied. *See Kozlowski*, 871 F.2d at 244.

The proposed Consent Decree also furthers the goals of the ADA and Title VII, the laws upon which the complaint was based. (*See* Dkt. 1). The purpose of the ADA is to eliminate widespread discrimination against individuals with disabilities. *See* 42 U.S.C. § 12101(b). The Supreme Court has also stated that Title VII's "central statutory purpose[]" is to "eradicate[e] discrimination throughout the economy and mak[e] persons whole for injuries suffered through past discrimination." *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 421 (1975). Furthermore, the Civil Rights Act of 1991 was enacted "to provide appropriate remedies for intentional discrimination . . . in the workplace." *West v. Gibson*, 527 U.S. 212, 219-20 (1999) (quotation marks and citations omitted).

Of course, these laudatory objectives include discrimination "on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C.A. § 2000e(k). Indeed, the PDA mandates that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work. . . ." *Id.*; *see Hesse v. Dolgencorp of N.Y., Inc.*, No. 10-CV-421S, 2014 WL 1315337, at *14 (W.D.N.Y. Mar. 31, 2014) ("The Pregnancy Discrimination Act ('PDA'), which is an amendment to Title VII, incorporates 'women affected by pregnancy' into the definition of prohibited gender-based discrimination, and requires that pregnant employees not be treated differently from other employees." (citation omitted)).

- 8 -

The proposed Consent Decree furthers these goals by enjoining Defendants from engaging in disability and pregnancy-related discrimination, and by requiring Defendants to revise their leave and disability-inquiry procedures and to offer training programs on Title VII and ADA rights and responsibilities. (*See* Dkt. 2-1). Accordingly, the third prong is satisfied. *See Kozlowski*, 871 F.2d at 244.

## CONCLUSION

For the reasons set forth above, the Court finds that the proposed Consent Decree comes within the Court's subject matter jurisdiction and the scope of the pleadings, and that it furthers the objectives of the law upon which the complaint was based. Therefore, the proposed Consent Decree is approved and is filed as an attachment hereto. All issues having been resolved, this action is dismissed without prejudice. The Court retains jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided in the Consent Decree. In the event the parties need to invoke the Court's jurisdiction in that regard or reopen this matter, they do not need to file another action, but rather may file a motion under this case number, 1:18-CV-01020.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated:     October 18, 2018
          Rochester, New York

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,

              v.

ABSOLUT FACILITIES MANAGEMENT, LLC, d/b/a Absolut
Care LLC, BILLIT ACCOUNTING AND INFORMATION
TECHNOLOGY, LLC, ABSOLUT CENTER FOR NURSING
AND REHABILITATION AT ORCHARD PARK, LLC AND
ABSOLUT AT ORCHARD PARK, LLC, d/b/a Absolut Care of
Orchard Park, ABSOLUT CENTER FOR NURSING AND
REHABILITATION AT ALLEGANY, LLC, d/b/a Absolut Care
of Allegany, ABSOLUT CENTER FOR NURSING AND
REHABILITATION AT AURORA PARK, LLC, d/b/a Absolut
at Aurora Park and Absolute Care of Aurora Park, ABSOLUT
CENTER FOR NURSING AND REHABILITATION AT
DUNKIRK, LLC, d/b/a Absolut Care of Dunkirk, ABSOLUT
CENTER FOR NURSING AND REHABILITATION AT
EDEN, LLC, d/b/a Absolut Care of Eden, ABSOLUT CENTER
FOR NURSING AND REHABILITATION AT ENDICOTT,
LLC AND ABSOLUT AT ENDICOTT, LLC, d/b/a Absolut
Care of Endicott, ABSOLUT CENTER FOR NURSING AND
REHABILITATION AT GASPORT, LLC, d/b/a Absolut Care
of Gasport, ABSOLUT CENTER FOR NURSING AND
REHABILITATION AT HOUGHTON, LLC AND ABSOLUT
AT HOUGHTON, LLC, d/b/a Absolut Care of Houghton,
ABSOLUT AT ORCHARD BROOKE, LLC, d/b/a Absolut Care
of Orchard Brooke, ABSOLUT CENTER FOR NURSING AND
REHABILITATION AT SALAMANCA, LLC AND ABSOLUT
AT SALAMANCA, LLC, d/b/a Absolut Care of Salamanca,
ABSOLUT CENTER FOR NURSING AND
REHABILITATION AT THREE RIVERS, LLC AND
ABSOLUT AT THREE RIVERS, LLC, d/b/a Absolut Care of
Three Rivers, ABSOLUT CENTER FOR NURSING AND
REHABILITATION AT WESTFIELD, LLC, and ABSOLUT
AT WESTFIELD, LLC, d/b/a Absolut Care of Westfield.

                    Defendants.

Civil Action No.:

**CONSENT DECREE**

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") commenced this action under Title I of the Americans with Disabilities Act of 1990, as amended, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978, and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of disability and pregnancy and to provide appropriate relief to Charging Party Lisa Valentin and other individuals who were allegedly aggrieved by such practices.

The Commission alleges that Defendants Absolut Facilities Management, LLC, d/b/a Absolut Care LLC, Billit Accounting and Information Technology, LLC, Absolut Center for Nursing and Rehabilitation at Orchard Park, LLC and Absolut at Orchard Park, LLC, d/b/a Absolut Care of Orchard Park, Absolut Center for Nursing and Rehabilitation at Allegany, LLC, d/b/a Absolut Care of Allegany, Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC, d/b/a Absolut at Aurora Park and Absolute Care of Aurora Park, Absolut Center for Nursing and Rehabilitation at Dunkirk, LLC, d/b/a Absolut Care of Dunkirk, Absolut Center for Nursing and Rehabilitation at Eden, LLC, d/b/a Absolut Care of Eden, Absolut Center for Nursing and Rehabilitation at Endicott, LLC and Absolut at Endicott, LLC, d/b/a Absolut Care of Endicott, Absolut Center for Nursing and Rehabilitation at Gasport, LLC, d/b/a Absolut Care of Gasport, Absolut Center for Nursing and Rehabilitation at Houghton, LLC and Absolut at Houghton, LLC, d/b/a Absolut Care of Houghton, Absolut at Orchard Brooke, LLC, d/b/a Absolut Care of Orchard Brooke, Absolut Center for Nursing and Rehabilitation at Salamanca, LLC and Absolut at Salamanca, LLC, d/b/a Absolut Care of Salamanca, Absolut Center for Nursing and Rehabilitation at Three Rivers, LLC and Absolut at Three Rivers, LLC, d/b/a

2

Absolut Care of Three Rivers, Absolut Center for Nursing and Rehabilitation at Westfield, LLC, and Absolut at Westfield, LLC, d/b/a Absolut Care of Westfield (collectively, Defendants) failed to accommodate Charging Party and other similarly aggrieved qualified individuals with disabilities and instead terminated their employment because of their disabilities. The Commission further alleges that Defendants terminated the employment of Charging Party and other similarly aggrieved individuals on the basis of pregnancy, and failed to accommodate women affected by pregnancy, childbirth, or related medical conditions while providing accommodations to non-pregnant workers similar in their ability or inability to work.

Defendants deny that they discriminated against Charging Party or any other individual in violation of Title VII or the ADA. Nevertheless, without admission by Defendants as to the facts or liability, the EEOC and Defendants have agreed that this action should be resolved by entry of this Consent Decree in order to avoid the expense, delay, and burden of further litigation. In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED AND DECREED as follows:

## I.      GENERAL PROVISIONS

### A.      Purpose of this Decree

1.      The EEOC and Defendants (the "parties") desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between them, and between EEOC and Defendants' successors, assigns, subsidiaries, affiliates, and any other corporation or entity into which Defendants may merge or with which Defendants may consolidate.

3

2.      The Decree resolves all issues that were raised in the EEOC's Complaint and

EEOC Charge of Discrimination No. 525-2015-00916, which served as the jurisdictional

prerequisite in this case.  This Decree in no way affects the EEOC's right to process any pending

or future charges that may have been or will be filed against Defendants, and to commence civil

actions on any such charges.

3.      The parties agree that this Court has jurisdiction over the subject matter of this

litigation and the parties, that venue is proper, and that all administrative prerequisites have been

met.  No party will contest the validity of this Decree or the jurisdiction of the federal district

court to enforce this Decree and its terms.

4.      The terms of this Decree represent the full and complete agreement of the parties.

The parties agree that this Decree may be entered into without Findings of Fact and Conclusions

of Law being made and entered by the Court.

**B.      Definitions**

1.      "Defendants" or "Absolut" means Defendants Absolut Facilities Management,

LLC, Billit Accounting and Information Technology, LLC, Absolut Center for Nursing and

Rehabilitation at Orchard Park, LLC, Absolut Center for Nursing and Rehabilitation at Allegany,

LLC, Absolut Center for Nursing and Rehabilitation at Aurora Park, LLC, Absolut Center for

Nursing and Rehabilitation at Dunkirk, LLC, Absolut Center for Nursing and Rehabilitation at

Eden, LLC, Absolut Center for Nursing and Rehabilitation at Endicott, LLC, Absolut Center for

Nursing and Rehabilitation at Gasport, LLC, Absolut Center for Nursing and Rehabilitation at

Houghton, LLC, Absolut at Orchard Brooke, LLC, Absolut Center for Nursing and

Rehabilitation at Salamanca, LLC, Absolut Center for Nursing and Rehabilitation at Three

4

Rivers, LLC, and Absolut Center for Nursing and Rehabilitation at Westfield, LLC, and their predecessors, successors, assigns, agents, and entities in active concert.

2.      "The Commission" or "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government charged with the administration, interpretation, and enforcement of Title VII and the ADA.

3.      "Claimant" or "Claimants" refers to individuals who were subjected to alleged unlawful employment practices on the basis of disability and/or pregnancy as defined by Section II(A) and (B) of this Decree at any time between December 9, 2014 through the Effective Date of this Decree.

4.      "Day" or "Days" means calendar days and includes weekends and holidays.

5.      "Effective Date" means the date the Decree is entered by the Court.

**C.      Applicability of Decree to Successors and Assigns or Upon Purchase, Merger, or Consolidation**

Before Defendants engage in any transfer of their business or their assets, they will provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of their business or assets, and to any potential successors, assigns, subsidiaries, or affiliates, including any entity with which Defendants may merge or consolidate. Defendants will provide written notice to EEOC twenty-one (21) days before any transfer of its business or assets.

**D.      Amendments to this Decree**

By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

### E.     Severability

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the parties.  The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of this Decree would be undermined.

### F.     Breach of Decree

A breach of any term of this Decree by Defendants will be deemed a material and substantive breach of this Decree.  Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree if Defendants fail to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

### G.     Notices

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, faxed, or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

For EEOC:              Elizabeth Fox-Solomon
                       Trial Attorney
                       Buffalo Local Office
                       Olympic Towers
                       300 Pearl Street
                       Suite 450
                       Buffalo, NY 14202
                       elizabeth.fox-solomon@eeoc.gov

                       and

decreemonitor.nydo@eeoc.gov

For Defendants:        Stephen A. Manuele, Esq.
                       Partner
                       Feldman Kieffer LLP
                       110 Pearl Street, Suite 400
                       Buffalo, NY 14202
                       smanuele@feldmankieffer.com

                       and

                       Lisa Mattucci
                       Risk Manager
                       Absolut Facilities Management, LLC
                       300 Gleed Avenue
                       East Aurora, NY 14052
                       LISAM@billitco.com

Any party may change such addresses by written notice to the other party setting forth a new address for this purpose.

## II.   **INJUNCTIVE RELIEF**

A.     Defendants, their managers, officers, agents, and any other person or entity acting on behalf of Defendants, are enjoined from engaging in any employment practice that discriminates on the basis of disability in the following manner:

1.     Terminating qualified individuals with disabilities who exhaust their leave under the Family and Medical Leave Act ("FMLA") or other approved medical leave without considering leave or additional leave as a reasonable accommodation;

2.     Prohibiting qualified individuals with disabilities from returning to work from a leave of absence unless they could do so without restrictions;

3.     Denying leave as a reasonable accommodation to qualified individuals with disabilities within their probationary period of employment;

7

4.      Denying reasonable accommodations to qualified individuals with what Defendants deem "temporary" disabilities; and

5.      Subjecting employees to impermissible disability-related inquiries or medical examinations.  For purposes of this Consent Decree, inquiries required by New York State law or regulation shall be considered permissible inquiries.

B.      Defendants, their managers, officers, agents, and any other person or entity acting on behalf of Defendants, are enjoined from engaging in any employment practice that discriminates on the basis of sex, including, without limitation:

1.      Terminating employees on the basis of pregnancy; and

2.      Failing to accommodate women affected by pregnancy, childbirth, or related medical conditions while providing accommodations to non-pregnant workers similar in their ability or inability to work.

C.      Defendants, their managers, officers, agents, and any other person or entity acting on behalf of Defendants are enjoined from retaliating against any person because such person has opposed any practice prohibited by Title VII or the ADA, filed a charge of discrimination under Title VII or the ADA, assisted the Commission in any manner in any investigation, proceeding, or hearing under Title VII or the ADA, or sought or received relief in this action.

**III.    POLICIES AND PRACTICES**

A.      Within thirty (30) days of the Effective Date of the Decree, Defendants will revise its Leave of Absence, Discipline, and Attendance Policies to comply with the ADA, and will submit the policies to the EEOC for its review and approval.  The revised policies will be included anywhere employee policies are documented and maintained, including in Defendants' employee handbook and Human Resources Policy and Procedure Manual.  Defendants will

update its Vacation Request and/or Leave of Absence Request Form to reflect the revisions to its

Leave of Absence Policies within forty-five (45) days of the Effective Date.

      B.     Within thirty (30) days of the Effective Date, Defendants will revise its Annual

Assessment of Physical Status to comply with the ADA and will submit the form to the EEOC

for the EEOC's review and approval.  Defendants will collect and purge all prior iterations of the

Annual Assessment of Physical Status collected from its current employees within forty-five (45)

days of the Effective Date, except such documentation required by law or regulation.

      C.     Within thirty (30) days of the Effective Date, Defendants will revise its

Emergency Contact Form to comply with the ADA's limitations on disability-related inquiries

and will submit the form to the EEOC for the EEOC's review and approval.  Defendants will

collect and purge all non-compliant Emergency Contact Forms contained in the personnel files

of any current employee within forty-five (45) days of the Effective Date.

      D.     Within ninety (90) days of the Effective Date, Defendants will review the

personnel files of all current employees and transfer any medical information to a separate

medical file.

## IV.   __TRAINING__

      A.     Within ninety (90) days of the Effective Date, Defendants will provide four (4)

hours of training to all facility HR Directors, facility Administrators, corporate human resources

personnel, and corporate benefits personnel on Defendants' obligations under Title VII and the

ADA, including disability and pregnancy accommodations, disability-related inquiries and

medical examinations, recordkeeping, and confidentiality.  Such training will include an

overview of all changes to Defendants' policies and Defendants' processes for addressing

requests for accommodation under the ADA and the PDA.  The training will be conducted by an

outside expert identified by Defendants and approved by the EEOC. At least fourteen (14) days prior to the commencement of training, Defendants will provide the EEOC with the agenda and all training materials for review and approval.

      B.     Within ninety (90) days of the Effective Date, Defendants will provide four (4) hours of training to all In-Service Coordinators on lawful medical inquiries and examinations, recordkeeping, and confidentiality under the ADA. The training will be conducted by an outside expert identified by Defendants and approved by the EEOC. At least fourteen (14) days prior to the commencement of training, Defendants will provide the EEOC with the agenda and all training materials for review and approval.

      C.     Within one hundred and twenty (120) days of the Effective Date, Defendants will provide two (2) hours of training to all non-supervisory employees on their rights and obligations under Title VII and the ADA, including, but not limited to, reasonable accommodations under the ADA and pregnancy accommodations under the PDA. Such training will include an overview of all changes to Defendants' policies and Defendants' processes for addressing requests for accommodation under the ADA and the PDA, including leave as a reasonable accommodation. At least fourteen (14) days prior to the commencement of training, Defendants will provide the EEOC with the agenda and all training materials for review and approval.

      D.     Within ten (10) days of any training session conducted pursuant to this Decree, Defendants will certify in writing that such training has taken place and will provide the EEOC with a list of all individuals, by name and job title, who attended the training and the date(s) of the training.

V.    **NOTICE TO EMPLOYEES**

Within fourteen (14) days of the Effective Date, Defendants will conspicuously post and maintain a "Notice of Lawsuit and Resolution" (the "Notice," attached as Exhibit A) in all places where employee notices are posted.  The Notice will remain in place for the duration of the Decree.

VI.    **MONITORING, REPORTING, AND RECORDKEEPING**

A.    The Commission may monitor Defendants' compliance with this Decree through inspection of Defendants' premises and records, and interviews with Defendants' employees, at reasonable times and upon reasonable advance notice, absent exigent circumstances.  Upon request by the Commission, Defendants will make available for inspection and copying any records related to this Decree within thirty (30) days of such request.

B.    Beginning six (6) months from the Effective Date and every six (6) months thereafter for the duration of the Decree, Defendants will provide a written report to the EEOC identifying all requests for disability or pregnancy accommodations, including leave, made during the preceding six (6) months.  The report will include the requestor's full name, job title, and job location, the nature of the request, and Defendants' response to the request.  Supporting documentation will be provided upon request by the Commission.

C.    Beginning six (6) months from the Effective Date and every six (6) months thereafter for the duration of the Decree, Defendants will provide a written report to the EEOC listing all complaints of discrimination or unfair treatment on the basis of disability and/or pregnancy.  For purposes of this Decree, "complaints" includes formal complaints submitted to a government agency as well as formal or informal complaints (including "problem resolution" or

similar forms) made to facility-level management, human resources, AFM/corporate, or the company hotline.

D.     For the duration of the Decree, Defendants will retain the following documents in their original, native format, as well as in any other format that Defendants create or maintain:

1.     All requests for an accommodation, including leave, on the basis of pregnancy and/or disability and any related documentation;

2.     All complaints or reports, formal or informal, in whatever form, of discrimination, unfair treatment, or failure to accommodate on the basis of pregnancy and/or disability and any related documentation;

3.     All training materials and attendee lists required by this Decree; and

4.     Any other document or record referenced in or created pursuant to this Decree.

## VII.   MONETARY RELIEF, NOTICE, AND CLAIMS PROCEDURE

### A.     Monetary Relief to Charging Party

1.     Within twenty-one (21) days of the Effective Date, Defendants will pay Lisa Valentin FORTY THOUSAND DOLLARS ($40,000) in back pay.

2.     Defendants will make all required withholdings for applicable federal, state, and local income taxes and the employee share of federal payroll taxes.

3.     Defendants will be responsible for (and may not deduct from the payment to Valentin) any tax obligation Defendants incur as a result of this payment, including the employer's share of federal payroll taxes.

4.     The payment will be made by check and sent by certified mail to Valentin and will be accompanied by a statement identifying the nature and amount of each withholding.

Contemporaneously therewith, Defendants will send a copy of the check and withholdings statement to the EEOC by certified mail.

5. In consideration for the Monetary Relief paid to Charging Party in Section VII(A)(1), Charging Party will execute a release as set forth in Exhibit B.

**B.    Monetary Relief to Claimants**

1. Within twenty-one (21) days of the Effective Date, Defendants will pay FOUR HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS ($425,000) in monetary relief into a settlement fund and provide notice and proof of payment to the EEOC.  The monetary relief will be distributed to Claimants allegedly subjected to unlawful employment practices on the basis of pregnancy or disability as defined by Section II(A) and (B) of the Decree at any time between December 9, 2014 and the Effective Date.  Eligibility for a distribution and the amount of any distribution will be determined solely by the EEOC in its discretion.

2. Within sixty (60) days of the Effective Date, Defendants will provide the EEOC with information necessary to identify and contact Claimants, specifically including:

      (a) An Excel spreadsheet listing the full name, address, telephone number, and e-mail address for every employee terminated by Defendants from December 9, 2014 through the Effective Date under the codes PTD (partial/total disability), DEP (physical/emotional demands of job), LVE (leave), HEA (health), and TPP (termination during probation period) and, for each such employee, a copy of his or her Employee Information Sheet, termination letter or separation notice, and any medical or disability-related information;

      (b) An Excel spreadsheet listing the full name, address, telephone number, and e-mail address for all individuals who requested medical or FMLA leave from December

9, 2014 through the Effective Date for the individual's own disability or medical

condition (not including care of a family member) and, for each such employee, a

copy of his or her Vacation Request and/or Leave of Absence Form(s) and any

medical or disability-related information; and

(c) An Excel spreadsheet listing the full name, address, telephone number, and e-mail

address for all individuals who requested an accommodation, including a leave of

absence, on the basis of pregnancy, childbirth, or a related medical condition from

December 9, 2014 through the Effective Date and, for each such employee, any

medical or disability-related information.

If additional information and/or documents are necessary to identify and contact

Claimants, Defendants will work with the EEOC to provide such additional information and/or

documents.

3. The EEOC will have eighteen (18) months from the Effective Date to identify

Claimants who are entitled to a distribution from the settlement fund.

4. Within six (6) months of receiving the information identified in Section

VII(B)(2), the EEOC will provide Defendants with a spreadsheet identifying Claimants who will

receive payments from the settlement fund. The spreadsheet will include each Claimant's name,

address, and social security number, and will specify the amount that each Claimant will receive

in back pay and/or compensatory damages. At the same time, the EEOC will provide a release

in the form attached hereto as Exhibit C executed by each Claimant. Within thirty (30) days of

receiving the spreadsheet and accompanying releases, Defendants will mail the payments via

certified mail to the address provided by the EEOC for each individual. Defendants will also

issue to each individual an IRS Form W-2 for the portion of the payments representing back pay,

and an IRS Form 1099 for the portion of the payments representing compensatory damages.

5.      After the initial distribution of payments pursuant to Section VII(B)(4), the EEOC may continue to identify Claimants on a rolling basis until (a) the settlement funds have been exhausted; or (b) eighteen (18) months have elapsed from the Effective Date.  The EEOC will identify any additional Claimants and Defendants will distribute any additional payments in the same manner as set forth in Section VII(B)(4).

6.      Any settlement funds not distributed to Claimants by the end of the 18-month period will be remitted to a 501(c)(3) charitable organization approved by the EEOC whose mission is to advance the opportunities of women and/or individuals with disabilities in employment.

## VIII.   SIGNATURES

Each signatory to this Decree represents that he or she is fully authorized to execute this Decree and to bind the parties on whose behalf he or she signs.

## IX.     DURATION OF DECREE

A.      This Decree will remain in effect for three (3) years from the Effective Date of this Decree.  The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

B.      If the EEOC has notified Defendants in writing not less than twenty-one (21) business days in advance of the expiration of this Decree that Defendants are not in compliance with any sections of this Decree, Defendants' obligations under this Decree will remain in effect until the EEOC determines that Defendants are in compliance.

C.      The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the

relief provided herein.  Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

For Plaintiff EEOC:

_____          _09/18/18_____
Jeffrey Burstein                                                    Date
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004

For Defendants:

_____          _____
Mordecai Zidele                                                Date
Chief Financial Officer
ABSOLUT FACILITIES MANAGEMENT, LLC
300 Gleed Avenue
East Aurora, NY 14052

SO ORDERED this _____ day of _____, 2018

_____
United States District Judge

16

# EXHIBIT A

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Absolut Facilities Management, LLC et al.*, No._____(W.D.N.Y.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Absolut Facilities Management, Billit Accounting and Information Technology, and the following Absolut Care facilities located in New York State: Allegany, Aurora Park, Dunkirk, Eden, Endicott, Gasport, Houghton, Orchard Brooke, Orchard Park, Salamanca, Three Rivers, and Westfield.

In its lawsuit, the EEOC alleged that Defendants violated Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), by failing to accommodate qualified individuals with disabilities and instead terminating their employment because of their disabilities. The EEOC further alleged that Defendants violated Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, by discriminating against individuals on the basis of pregnancy. Defendants deny the allegations.

To resolve the case, Defendants and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) Defendants will establish a settlement fund to provide monetary relief to eligible claimants;

2) Defendants are enjoined from discriminating against any employee because of disability or sex, including pregnancy;

3) Defendants will not retaliate against any employee who has made allegations of discrimination or participated in any way in a proceeding involving discrimination under Title VII or the ADA or received any benefit as a result of the litigation or the Decree;

4) Defendants will provide training to all employees on Title VII and the ADA; and

5) Defendants will ensure that their policies and procedures comply with Title VII and the ADA.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age, disability or genetic information. If you believe you have been discriminated against, you may contact EEOC at (716) 431-5007. EEOC charges no fees and has a TTD number.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for three years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Absolut Care Settlement, EEOC Buffalo Local Office, Olympic Towers, 300 Pearl Street, Suite 450, Buffalo, NY 14202.**

_____                                    _____
Date                                                              U.S. District Court Judge

# EXHIBIT B

## RELEASE

In consideration for Monetary Relief in the amount of FORTY THOUSAND U.S.

DOLLARS ($40,000.00) paid to me by or on behalf of Defendants pursuant to the Consent

Decree entered on_____, 2018, in connection with the resolution of

*EEOC v. Absolut Facilities Management, LLC et al.*, No._____(W.D.N.Y.), I

release, acquit, discharge, and waive my right to recover for all claims of disability discrimination

arising under Title I of the Americans with Disabilities Act of 1990, as amended, or pregnancy

discrimination arising under Title VII of the Civil Rights Act of 1964, as amended by the

Pregnancy Discrimination Act of 1978, that I had against Defendants that were included in the

claims alleged in the EEOC's complaint in *EEOC v. Absolut Facilities Management, LLC et al.*,

No._____(W.D.N.Y.).


_____          _____
Date                                                      Lisa M. Valentin

# EXHIBIT C

# RELEASE

In consideration for the monetary relief in the amount of _____ ($_____) to

be paid to me by or on behalf of Defendants pursuant to the Consent Decree entered on

_____, 2018, in connection with the resolution of *EEOC v. Absolut Facilities*

*Management, LLC et al.*, No. _____ (W.D.N.Y.), I release, acquit, discharge, and

waive my right to recover for any claims of disability discrimination under Title I of the

Americans with Disabilities Act of 1990, as amended, or pregnancy discrimination under Title

VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978,

that I had against Defendants prior to the date of this release and that were included in the claims

alleged in the EEOC's complaint in *EEOC v. Absolut Facilities Management, LLC et al.*, No.

_____ (W.D.N.Y.).


_____
Signature


_____
Name [Please Print]


_____
Date